# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

THOMAS J. SESSIONS,           )
        #269024,              )
                              )  CIVIL ACTION NO. 0:05-2712-GRA-BM
            Petitioner,       )
                              )
v.                            )
                              )
                              )  **REPORT AND RECOMMENDATION**
WARDEN WHITE; and HENRY       )
MCMASTER, Attorney General    )
of the State of South Carolina, )
                              )
            Respondents.      )
_____)

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on September 12, 2005.[1] The Respondents filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 15, 2005. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 16, 2005, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988). The Houston date was incorrectly listed on a previous order as February 22, 2005. See Court Document No. 3, n. 1. Further, although Petitioner indicates that he signed his Petition on September 13, 2005, the envelope in which the Petition was mailed clearly reflects that it was received in the prison mailroom on September 12, 2005.



motion for summary judgment on December 13, 2005. This matter is now before the Court for disposition.[2]

## Procedural History

The file reflects that Petitioner was indicted in the August 1999 term of the Williamsburg County Court of General Sessions for murder, possession of a weapon during the commission of a violent crime, and malicious injury to personal property [Indictment Nos. 99-GS-45-224]. (R.pp. 102-104). Petitioner was represented by LeGrand Carraway, Esquire, and on August 28, 2000, pled guilty to the lesser-included offense of voluntary manslaughter on the murder count and to possession of a weapon during the commission of a violent crime. (R.pp. 1-23). Since Petitioner had a 1990 prior conviction for the "most serious offense" of assault and battery with intent to kill ("ABIL"), and voluntary manslaughter is also considered a "most serious offense", South Carolina's "two strikes" law mandated that the judge had to sentence Petitioner to life without parole ("LWOP"). (R.pp. 3-4, 7-9). See also S.C.Code Ann. § 17-25-45(A) & (C)(1)(Supp. (1999). Accordingly, the trial judge sentenced Petitioner to LWOP for voluntary manslaughter and five (5) years, concurrent, for possession of a deadly weapon. (R.pp. 21-22, 105). Petitioner did not file a direct appeal from his convictions and sentences.

On March 27, 2001, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court. (R.pp. 24-38). Petitioner raised the following issues in this APCR:

a) The Court lacked Jurisdiction on "Fraudulant" illegal Solicitor manufactured

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



> Indictment bearing a illegal manufacture alleged True Bill by the Grand Jury which was never Filed in any manner to conceive Jurisdiction by S.C.Circuit Court and the Clerk of Court never had it to take to a Grand Jury.
>
> b) Plea was illegally coersed/Extorted by Solicitor and Counsel Frauding Grand Jury Hearing and alleged True Billed by Grand Jury.
>
> c) Counsel was so ineffective it constitutes Denial by Counsel: lack of assistance and participating to Fraud/Extort his client.
>
> d) S.C. Bar members racketeering by its targeting/Discriminating against Afro Americans as I; denied legal prosecutions, legal services to protect from illegal prosecution, and the required legally required legal assistance Causing Horrendous high compared to whites incarcerations.

(R.p. 26).

Petitioner was represented by William Barr, Esquire, who filed an amended petition raising the following issues:

> Applicant asserts that since the Murder charge was dropped to Voluntary Manslaughter in which he plead to the same the Court was in error in sentencing him under South Carolina Annotated Code Section 16-3-50 and imposing a sentence of life without the possibility of parole wherein a person convicted of Voluntary Manslaughter must be imprisoned not more than thirty (30) years.
>
> Applicant also asserts that he was improperly sentenced under South Carolina Annotated Code Section 16-23-190(a) in regards to possessing a firearm as this five year sentence does not apply in cases where the death penalty or a life sentence without parole is imposed for the violent crime.
>
> Also, Applicant asserts that the Court was in error by not informing him of the element of his crime and in sentencing him under the two (2) strike law as he was sentenced on his first charge before the same came into effect.
>
> Further, Applicant asserts, upon information and belief, the Court could not have sentenced him for the crime he plead to because the victim's death was caused by the family's decision to terminate the life support system.

(R.pp. 53-54).

An evidentiary hearing was held on Petitioner's APCR on June 25, 2003. (R.pp. 58-88). On



September 15, 2003, the PCR judge entered an order dismissing the petition in its entirety. (R.pp. 95-101).

Petitioner then timely filed a notice of appeal with the South Carolina Supreme Court. Petitioner was represented on appeal by Eleanor Duffy Cleary, Esquire, who filed a Johnson [3] petition seeking to be relieved as counsel and raising the following issue:

> Whether petitioner's guilty plea complied with the mandate set forth in Boykin v. Alabama? [4]

See Petition, p. 2.

Petitioner also submitted a pro se filing to the Supreme Court on July 15, 2004. The South Carolina Supreme Court denied certiorari and granted the motion to be relieved as counsel in an unpublished order on June 3, 2005. The remittitur was filed on June 21, 2005.

Petitioner then filed this habeas corpus Petition in the United States District Court pursuant to 28 U.S.C. § 2254. Petitioner raises the following issues in this Petition:

**Ground One:** Whether Petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama.

I thought that by pleading guilty to manslaughter I would not get the life sentence. I did not completely understand what was going on.

**Ground Two:** Plea was illegally coerced.

Petitioner was mislead into believing that he would avoid the life sentence by pleading to manslaughter. Not understanding that the Solicitor was seeking life without parole for any second violent offense.

**Ground Three:** Ineffective Assistance of Counsel.

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

[4] 395 U.S. 238 (1969).

4



>   Counsel failed to investigate the fact that the victim while being treated at Carolina Hospital System, the victim was given 5 (five) units of Blood that was "not" her type. This is important because the victim lived for well over a month after the incident.
>
>   **Ground Four:** Court Lacked Subject Matter Jurisdiction.
>
>   Indictment was never filed with Clerk of Court as required by South Carolina Rules of Criminal Procedure Rule 3(c).

See Petition.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

In Grounds One and Two of his Petition, Petitioner contends that his guilty plea was not knowingly and voluntarily entered because he thought that by pleading guilty to manslaughter he would not get a life sentence, and that he did not completely understand what was going on. Since both Grounds One and Two deal with the alleged involuntariness of his guilty plea, they are discussed together in this section.



These issues were generally raised[5] at Petitioner's PCR hearing, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).    Following this hearing, the PCR Court made relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Sessions v. State of South Carolina, No. 01-CP-45-104. With respect to these claims, the PCR judge recounted defense counsel's PCR testimony and found (1) that the transcript reflects that Petitioner's guilty pleas were knowingly and voluntarily entered with a full understanding of the charges and consequences of the plea; and (2) that the record in this case fully demonstrates that the Petitioner understood the nature of his plea and that his plea was free and voluntary. (R.pp. 98-100).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). "The Supreme Court has further held that, while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a

---

[5]For purposes of their summary judgment motion, Respondents have not contested exhaustion of these issues.



question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute." Sargent v. Waters, 71 F.3d 158, 160 (1995)(quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).

After review of Petitioner's claims and the record in this case pursuant to this standard, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that his guilty plea was not voluntary. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner testified at his PCR hearing that his trial counsel only talked to him one time about his guilty plea, and told him that he would get a life sentence. (R.p. 65). Petitioner also testified, when asked whether he understood it would be life without parole, "Yes. Life sentence without parole," although he then qualified this statement by testifying that his counsel did not mention anything about parole, but had just told him it would be a "life sentence." (R.p. 66). Petitioner also testified that he was taking medication at his guilty plea and "was out of it" and did not understand what the Court was telling him. (R.p. 67). Petitioner further testified that he was "unstable that day", and that his whole body was hurting. (R.p. 71).

However, Petitioner's trial counsel testified at the PCR hearing that he talked with the Petitioner fifteen or twenty times and discussed the case with him on at least three occasions. Counsel testified that he explained to the Petitioner that the prosecution "had moved and were seeking that he be sentenced to life without parole for this charge," and that Petitioner always indicated to him that he did not want a trial. (R.p. 80). Petitioner's trial counsel also testified that he believed Petitioner was competent to plead guilty; (R.pp. 76-78); and that it was Petitioner's decision to plead guilty, that he was served with notice from the State that they would be seeking life without

7



possibility of parole, that he informed his client of this, and that he was prepared to go to trial if Petitioner wanted.  (R.pp. 80-81).

The record reflects that Petitioner had also been evaluated for competency, with two reports finding that Petitioner was capable of understanding the nature of the charges and of assisting counsel in his own defense, that he had the ability to distinguish right from wrong on the date of the crime, and that he had the capacity to conform his conduct to the requirements of law. (R.pp. 4-6). At Petitioner's guilty plea, his counsel stated he had no evidence to the contrary and did not object to the reports' findings;  (R.pp. 5-6). See also, (R.pp. 109-116); following which  the trial Court found that,

> the report from William S. Hall and from the Department of Disabilities and Special Needs adequately addresses the concerns of his competency, his ability to distinguish right from wrong and his capacity to conform his conduct to the requirements of the law. The Court therefore adopts those reports as the findings and orders of this Court and proceeds now to -- the requirements of Blair having been met -- with the guilty plea.

(R.p. 7).

The trial judge then had the following colloquy with the Petitioner:

> The Court: Do you understand, Mr. Sessions, that when you plead guilty to voluntary manslaughter, the law provides for a sentence of up to 30 years imprisonment.  Do you understand that?
>
> The Defendant: (No verbal response).
>
> The Court: You have to say yes or no, please sir.
>
> The Defendant: Yes, sir.
>
> The Court: Do you understand that possession of a weapon during the commission of a violent crime carries up to five years imprisonment; do you understand that?
>
> The Defendant: Yes, sir.

8



> The Court: Voluntary manslaughter under the law is a lesser included offense of the crime of murder. It is also a most serious offense. And under the law, a person has two strikes when it comes to most serious offenses.
>
> The Defendant: Yes.
>
> The Court: And upon the second strike, the Court is required by law to sentence an individual to life imprisonment without the possibility of parole. Do you understand that?
>
> The Defendant: Yes.
>
> The Court: Sir?
>
> The Defendant: Yes.
>
> The Court: And do you understand that your plea to voluntary manslaughter indeed constitutes the second strike against you since you pled guilty to assault and battery with intent to kill in 1990. Do you understand that?
>
> The Defendant: Yes.
>
> The Court: Sir?
>
> The Defendant: Yes, sir.
>
> The Court: And so do you understand then that the sentence that this Court will be required to impose upon you would be life without the possibility of parole. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: Sir?
>
> The Defendant: Yes, sir.

(R.pp. 8-9).

Petitioner then went on to testify at his guilty plea that, other than the State allowing him to plead to the lesser charge of voluntary manslaughter rather than face the charge of murder, no one had promised him anything to get him to plead guilty, that no one had forced him or



threatened him to get him to plead guilty, that he was fully satisfied with the manner in which his lawyer had represented him, that his lawyer had done all he had asked him to do, that his lawyer had not failed to do anything that he asked him to do, and that he had had enough time to talk with counsel about his decision to plead guilty to these charges. (R.pp. 12-13). Petitioner also testified that he understood the talks he had with his counsel, that he did not need any more time to talk with his counsel, that he was entering his plea freely and voluntarily, that he had enough time to make up his mind about his decision to plead guilty, that he understood the Court's questions, and that he did not want the Court to go over anything with him again.   (R.pp. 13-14).

The record of Petitioner's guilty plea and trial counsel's testimony as to Petitioner's conduct and abilities fail to provide any support for this claim. Petitioner has also failed to present any evidence to support his claim that he was not competent, other than his own conclusory and self-serving statements, which the PCR judge found did not entitle him to relief.  The record supports the PCR judge's conclusion that Petitioner was competent and that his guilty plea was free and voluntary, and there is no basis in this record to overturn the findings of the State Court. Evans, 220 F.3d at 312. See Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Vanater v. Boles, 377 F.2d. 898 (4th Cir. 1967); Sargent, 71 F.3d at 160 ["historical facts underling [guilty] pleas are entitled to deference...."].

In sum, Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. While Petitioner now makes several allegations to explain how his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any



findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981).   Petitioner has also failed to show that the state court's rejection of these claims was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; 28 U.S.C. § 2254(d); Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Therefore, Grounds One and Two of the Petition are without merit and should be dismissed.

## II.

In his response to the Respondents' summary judgment motion, Petitioner states that he is only pursuing Grounds One and Two of his Petition. See Motion in Opposition to Summary Judgment, p. 3. Therefore, Grounds Three and Four of the Petition should be dismissed.

11



**Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 30, 2006



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
