UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS J. SESSIONS, #269024 | |
| Petitioner, | C/A No. 0:05-2712-GRA-BM |
| v. | |
| WARDEN WHITE, and HENRY MCMASTER, Attorney General of the State of South Carolina, | ORDER |
| Respondents. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on May 30, 2006. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on September 12, 2005. Respondents filed a return and motion for summary judgment on November 15, 2005. On November 16, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The Petitioner responded on December 13, 2005. The magistrate recommends granting Respondents' motion for summary judgment and dismissing the petition for writ of habeas corpus.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

1

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed an objection on June 7, 2006.

Petitioner's objection states that his guilty plea did not comply with the mandates set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969). *Boykin* requires that guilty pleas must be knowingly, voluntarily, and intelligently pled. The transcript clearly reflects that Petitioner's guilty pleas were knowingly and voluntarily entered with a full understanding of the charges and consequences of the plea. The record in this case demonstrates that the Petitioner understood the nature of his plea and that his plea was free and voluntary. The main objection relates to whether the Petitioner entered his plea intelligently.

Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000), *cert. denied,* 532 U.S. 925 (2001); 28 U.S.C. § 2254(d). In addition, the determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence. *Bell v. Jarvis*, 236 F.3d 149, 157-158 (4th Cir. 2000)(en banc), *cert. denied*, 112 S. Ct. 74 (2001); 28 U.S.C. § 2254(e)(1). As set forth below, there was no unreasonable application of clearly established law, nor was the decision of the state court based on an unreasonable determination of the facts in light of evidence

presented in the state court proceeding. Further, the determination of this factual issue was not rebutted by clear and convincing evidence.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant.' " *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In determining whether a plea was an intelligent choice, a court must decide whether the "defendant received the information required under Federal Rule of Criminal Procedure 11 and whether the defendant understood that information and was entering a guilty plea free of coercion." *U.S. v. Baker*, 2001 WL 34112743, *1 (D.S.C.) (D.S.C., 2001). Further, "when a defendant is represented by counsel when making his guilty plea, that plea is strongly presumed to be valid in subsequent habeas proceedings." *Sargent v. Waters*, 71 F.3d 158 (4th Cir. 1995) (citing *U.S. v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993)).

Petitioner claims that although he was found competent to stand trial, he does have some mental retardation. He states that his borderline cognitive functions made it difficult for him to process information quickly and negatively impacted his ability to communicate clearly and effectively with the court. He further asserts that he had to be educated to get the correct response on several occasions.

As a result of these claims, Petitioner asserts that he could not have comprehended the law as presented to him. Petitioner also claims that although he saw his attorney fifteen to twenty times, he only discussed the case three times and that

a person with the Petitioner's level of understanding would need more than three occasions to get a complete understanding.

The record indicates that Petitioner fails to meet his burden showing that his guilty plea was not made intelligently. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. During the trial judge's colloquy with the Petitioner, the trial judge specifically asked Petitioner if he understood that due to this plea to voluntary manslaughter and an earlier 1990 guilty plea to another serious offense of assault and battery with intent to kill, the court would be required to impose a sentence of life without the possibility of parole. (Mag. Rep. And Rec. at 9). Petitioner further testified that no one had forced him to plead guilty, nor threatened him to do so. *Id.* Petitioner's trial counsel also testified that Petitioner indicated to him that he did not want a trial, which strongly suggests that Petitioner was making an "intelligent choice among several alternative courses of action open to the defendant" as required for a guilty plea in *Hill*, *supra*.

This Court finds that Petitioner "understood that information and was entering his guilty plea free of coercion" as evidenced when he testified that he understood it would be life without parole and by his trial counsel's testimony that it was Petitioner's decision to plead guilty. *See Baker, supra.* While Petitioner was found to have some mental retardation and borderline cognitive functions, he was nevertheless believed to be competent by his trial counsel, and evaluated as competent in two reports and

5

deemed as such by the trial court. Moreover, because Petitioner was represented by competent counsel, the plea is strongly presumed to be valid. *See Sargent, supra*. After review of the record, this Court finds that the Petitioner's plea of guilty was entered into knowingly, intelligently, and voluntarily. Therefore, the objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and the petition for writ of habeas corpus be DISMISSED without an evidentiary hearing.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 12, 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.